THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed: September 27, 2013

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

Delaware Quarries, Inc.
v.
PlayCore IP Sub, Inc.
_____

Opposition No. 91190282
On Request for Reconsideration
_____

Eric J. Von Vorys of Shulman, Rogers, Gandal, Pordy &
Ecker, P.A. for Delaware Quarries, Inc.

Douglas T. Johnson of Miller & Martin PLLC, for PlayCore IP
Sub, Inc.
_____

Before Cataldo, Ritchie, and Hightower, Administrative
Trademark Judges.

Opinion by Ritchie, Administrative Trademark Judge:

On July 2, 2013, the Board dismissed the opposition
brought by opposer Delaware Quarries, Inc. ("opposer") to
registration of the mark ROCKSCAPE for "playground
equipment, namely, climbing units," sought by PlayCore IP
Sub, Inc. ("applicant"). Opposer based the opposition on
its prior registration of the mark ROCKSCAPE and its claim
of priority and likelihood of confusion pursuant to Section

2(d) of the Trademark Act, 15 U.S.C. § 1052(d). In the decision dismissing the opposition, the Board first found no likelihood of confusion, and then granted applicant's counterclaim to cancel opposer's registration for ROCKSCAPE, on the ground that it is generic for the "stone, gravel or similar products, namely boulders, stone veneer, and crushed stone for use in landscaping, building construction, and paving," for which it is registered.

Opposer has timely filed a request for reconsideration of the Board's decision, insofar as it granted applicant's counterclaim. In that request, opposer argues that the Board erred in deciding the counterclaim on its merits after it had decided registration of applicant's mark would not create a likelihood of confusion with opposer's prior registered mark. Opposer argues that applicant no longer had standing to seek cancellation of the ROCKSCAPE registration after the opposition was dismissed. Applicant filed a brief arguing against opposer's request for reconsideration.

We disagree that applicant lacked standing once the opposition was dismissed. Standing is assessed at the time the counterclaim is filed. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envir. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Wheaton College v. Sebelius*, 703 F.3d 551,

552 (D.C. Cir. 2012). The general rule is that a counterclaimant, as a defendant in an opposition, has inherent standing to assert its counterclaims. *See Finanz St. Honore B.V. v. Johnson & Johnson,* 85 USPQ2d 1478, 1479 (TTAB 2007); *Carefirst of Maryland, Inc. v. FirstHealth of the Carolinas Inc.,* 77 USPQ2d 1492, 1502 (TTAB 2005); TBMP § 309.03(b) (3d. ed. rev.2 2013) and authorities cited therein). So it is clear that applicant's standing to pursue the counterclaim is not the issue before us.

Although opposer framed the issue before us as one of standing, the actual issue is whether our finding of no likelihood of confusion mooted applicant's counterclaim to cancel opposer's registration for ROCKSCAPE. While we have previously addressed circumstances such as these as presenting an issue of standing, *see Syntex (U.S.A.) Inc. v. E.R. Squibb & Sons Inc.,* 14 USPQ2d 1879, 1880-81 (TTAB 1990) (finding that the counterclaimant had standing to pursue its counterclaim of abandonment even after opposer's claim was dismissed), the Supreme Court's subsequent decision in *Cardinal Chemical Co. v. Morton International, Inc.,* 508 U.S. 83 (1993), makes it clear that circumstances such as these present an issue of mootness, not of standing.

In *Cardinal Chemical*, a patent infringement case, the Supreme Court held that a counterclaim for a declaration that the plaintiff's asserted patent was invalid was not mooted by the circuit court's affirmance of the district court's finding of noninfringement. *Id.* at 102. This holding was based primarily on two observations, both of which have relevance here. First, a litigant charged with patent infringement (or as here, a defendant facing a claim of likelihood of confusion) "must remain concerned about the risk of similar charges if it develops and markets similar products in the future." *Id.* at 99-100. This applies in the instant situation, where opposer could bring an infringement action in court to enjoin applicant's use of its mark. A finding of genericness – even in the narrower context of this registration proceeding – would certainly be of interest to applicant. *Cf. Syntex*, 14 USPQ2d at 1880 n.2 (noting that opposer's mark could be used against applicant's attempted registration of the same mark for other goods or else for a "variant mark").

Second, the *Cardinal Chemical* Court noted the public interest in resolving questions of patent validity. *Id.* at 100. This public interest also is present when dealing with questions regarding the genericness of registered trademarks. *See, e.g., Loglan Inst., Inc. v. Logical*

4

*Language Group, Inc.*, 962 F.2d 1038, 22 USPQ2d 1531, 1534 (Fed. Cir. 1992) (noting "the public interest in a cancellation proceeding to rid the register of a generic mark").

We hold that our dismissal of opposer's likelihood of confusion claim did not implicate applicant's standing to have asserted its cancellation counterclaim, nor did it moot this proceeding.  Opposer's request for reconsideration is denied.